UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES W. GLEASON | CIVIL ACTION NO. 07-1577 |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on September 20, 2007, by *pro se* petitioner James W. Gleason. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana where he is serving a 30-year sentence imposed following his 2002 conviction for armed robbery in the Fifth Judicial District Court, Franklin Parish. (Petitioner is also serving a 35-year sentence imposed following his 2003 conviction for armed robbery in the Eleventh Judicial District Court, Sabine Parish. That conviction is the subject of another collateral attack in the Shreveport Division of this court. See *Gleason v. Wilkinson*, No. 5:07-cv-1408.) This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

*Statement of the Case*

Petitioner was charged with armed robbery; on June 20, 2000, he entered a plea of not guilty and not guilty by reason of insanity. Petitioner's first trial ended in a mistrial on June 20, 2001.

-1-

Thereafter, petitioner waived his right to trial by jury. His bench trial commenced on March 25, 2002, and concluded on April 5, 2002, with petitioner being found guilty as charged. On June 18, 2002, petitioner was sentenced to serve 30-years at hard labor. Petitioner claims that he was housed in a "maximum security cell" without access to a law library from June 2001 through April 2002. [doc. 1-4, p. 2]

Petitioner, through court-appointed counsel, appealed his conviction and sentence to the Second Circuit Court of Appeals. On January 29, 2003, the Second Circuit affirmed his conviction and determined that the 30-year sentence was not excessive. *State of Louisiana v. James W. Gleason*, 36,774 (La. App. 2 Cir. 1/29/2003), 836 So.2d 1165. Petitioner did not seek further direct review in the Louisiana Supreme Court. [doc. 1-1, paragraph 6(c)]

On January 20, 2005, petitioner filed an application for post-conviction Relief in the Fifth Judicial District Court. His application was dismissed on March 15, 2005. Petitioner sought review in the Second Circuit Court of Appeals. On June 2, 2005, the Second Circuit denied writs. Petitioner received the judgment of the Second Circuit on June 22, 2005. [doc. 1-1, paragraph 7; doc. 1-3, p. 3] On some unspecified date, he sought writs in the Louisiana Supreme Court. On May 5, 2006, the Supreme Court denied writs. *State of Louisiana ex rel. James W. Gleason v. State of Louisiana*, 2005-2161 (La. 5/5/2006), 927 So.2d 306. His application for reconsideration was filed on May 23, 2006 [doc. 1-1, paragraph 7(c)(iii); it was denied on August 31, 2007. *State of Louisiana ex rel. James W. Gleason v. State of Louisiana*, 2005-2161 (La. 8/31/2007), 962 So.2d 434.

Petitioner's *habeas* petition was signed on September 5, 2007 [doc. 1-1, p. 8; doc. 1-2, p. 42; doc. 1-4, p. 5]; it was mailed on September 19, 2007 [doc. 1-1, p. 9] and received and filed on September 20, 2007.

***Law and Analysis***

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his conviction and sentence. His conviction and sentence were

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. (Petitioner complains that he was denied access to court during his confinement in maximum security for the period from June 2001 – April 2002, but, as is shown hereinafter, that period of confinement did not impede the petitioner's appeal or post-conviction remedies.) Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

affirmed by the Second Circuit Court of Appeals on January 29, 2003. See *State of Louisiana v. James W. Gleason*, 36,774 (La. App. 1/29/2003), 836 So.2d 1165. Petitioner did not seek further direct review by filing an application for writs in Louisiana's Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days later, on or about March 1, 2003.[2] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (If a defendant stops the appeal process before the entry of judgment by the court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Therefore, petitioner had one year, or until March 1, 2004, to file his federal *habeas corpus* suit. He cannot rely on the tolling provision provided by 28 U.S.C. §2244(d)(2) because he did not file his Application for Post-Conviction Relief until January 21, 2005 [doc. 1-1, paragraph 7(b)(iii)] and by that time, the period of limitations had already lapsed and could not be revived by the filing of an otherwise timely state application for post-conviction relief.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The

---

[2] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." Petitioner therefore had a period of 30 days from January 29, 2003 within which to seek further direct review in the Louisiana Supreme Court.

petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. To the extent that petitioner might contend that his counsel's error resulted in the untimeliness of his *habeas* petition, that claim is of no moment. "[M]ere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002).

Further, as previously noted, petitioner claims that he was denied access to court; however, by his own admission, that circumstance ceased upon his release from maximum security in April 2002. Clearly, that circumstance did not impede the timely filing of a petition for certiorari on direct review, the timely filing of an application for post-conviction relief, or the timely filing of the instant petition.

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 29th, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE